**Riley F. HUIE et ux., Appellants,**

v.

**Lurline D. THOMPSON et al., Appellees.**

**No. 7225.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 21, 1963.

Ray & Knudtson, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

CHAPMAN, Justice.

This is an appeal from a summary judgment granted defendant below, Lurline D. Thompson, in a suit filed by Riley F. Huie and wife, Carlie Huie on a personal injury claim for damages caused when Mrs. Huie fell in a dressing room of the Smart Form Corset Shop owned by Mrs. Thompson and suffered a fracture of the neck of the left femur.

Mrs. Huie, as a customer of the named shop, was in the process of negotiating her body into a foundation garment known as a panty girdle when she fell and suffered the injury above mentioned, requiring a "hip nailing" operation by an orthopedic surgeon, thirteen days in the hospital, and causing considerable incapacity thereafter. Mrs. Juanita Martin, one of the clerks of the shop, was assisting in the operation at the time of the unfortunate incident and they were the only two present.

Depositions were taken of Mrs. Juanita Martin, Mrs. Huie and Mr. Huie. Motion was made by appellee for summary judgment, supported by the three mentioned depositions and accompanied by material excerpts therefrom. Opposing motion was made by appellants, sworn to by Henry T. Ray, attorney of record for appellants, and unaccompanied by any affidavits or other "summary judgment evidence."

The record shows that in selling foundation garments of the type mentioned that it is the custom of the trade for a clerk to help assist the customer in trying on the garment. In this instance the customer was pulling up on the front of the garment and Mrs. Martin had been pulling up on the back thereof before the fall. The deposition of Mrs. Martin shows in part as follows:

"Q. And then you say that you had gotten the girdle up past her knees?

"A. Yes, sir.

"Q. And somewhere between her knees and her waist?

"A. Yes, sir.

"Q. Can you be any more definite than that on the precise place where you had pulled the girdle up to?

"A. Well, up close to middleways."
  *     *     *     *     *     *

"Q. Now, were you watching her at the exact moment that the fall took place?

"A. Well, I wasn't looking directly at her, no.

"Q. All right, when were you first aware that she was falling?

"A. I wasn't aware she was falling; she was down before I knew anything.

"Q. Oh, in other words, you were pulling on this girdle garment when all of a sudden down she was on the floor, is that it?

"A. I think I had quit pulling when she went down.

"Q. Well, but your testimony is that you were not aware that she was falling?

"A. No.

"Q. Until she had already fallen?

"A. That is right.

"Q. And can you say whether or not you had stopped pulling or whether or not the garment was pulled out of your hands as she did fall?

"A. I don't believe—I'm not just really sure—the garment wasn't pulled out of my hands as she fell.

"Q. Did you turn loose of the garment? Do you have any memory at this time of having turned loose of the garment?

"A. No.

"Q. So since you don't remember you can't say definitely what happened, except that you were pulling and the next thing that you knew she was down on the floor. Can you tell us any more than that of what you actually remember yourself?

"A. Well, I don't think that I was pulling at the time."

Mr. Huie's testimony in his deposition precludes any knowledge on his part of the accident. Thus, the record taken in its most favorable light to appellants shows affirmatively there was not any negligence on the part of Mrs. Martin in the manner in which she assisted Mrs. Huie in trying on the garment. She testified she had been pulling up on the garment in the back while Mrs. Huie was pulling up on it in the front; that she had succeeded in getting the garment up somewhere between her knees and her waist; that she was not watching Mrs. Huie at the moment the fall took place; that she was not aware she was falling until she was on the floor; that the garment was not pulled out of Mrs. Martin's hands as Mrs. Huie fell; and that she had quit pulling when Mrs. Huie went down.

In Mrs. Huie's deposition she testified in substance that Mrs. Martin had truly related the incident except that she had not removed her skirt [1] and that the garment was further up than Mrs. Martin had said it was "because in putting on a girdle you don't have to have help except just on your thighs."

The only grounds of negligence appellants alleged were that defendant failed to exercise ordinary care in lifting plaintiff, Carlie Huie, off the floor and Mrs. Martin failed to exercise ordinary care in dropping Carlie Huie and those pleadings were not sworn to and constitute no "summary judgment evidence."

Except that Mrs. Huie had her shoes off, her skirt on and the girdle was further up on her body than Mrs. Martin said, we must take her deposition testimony as true because Mrs. Huie said she had correctly related the incident except for those discrepancies. Therefore, Mrs. Martin could not have failed to exercise ordinary care in either "lifting Mrs. Huie off the floor or dropping her." This is true because the testimony precludes the assertion that she had lifted her off the floor just before the fall. At the time of the fall Mrs. Martin said she had quit pulling on the garment. If she had quit pulling on it she could not have lifted her off the floor and if she had not lifted her off the floor she could not have dropped her.

If Mrs. Martin had lifted Mrs. Huie off the floor and dropped her, all her attorney would have had to do to defeat the motion for summary judgment would have been to place in the record Mrs. Huie's affidavit to that effect. Since he did not do so we are bound by Mrs. Martin's testimony that shows the contrary. Under such record a motion for instructed verdict would be required.

Our Supreme Court in Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, has held:

"When a motion for summary judgment is supported by affidavits, deposi-

---

1. Mrs. Martin had testified in her deposition that Mrs. Huie had removed her skirt.

-tions, stipulations or other extrinsic ·evidence sufficient on its face to establish facts, which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate relief under subdivision (f) of Rule 166–A."

Under this record defendants neither ·showed opposing evidentiary data which would raise an issue as to a material fact, nor did they justify their inability to do so ·and seek appropriate relief under subdivision (f) of Rule 166–A.

Accordingly, the judgment of the trial ·court must be affirmed.